**Barbara C. Deinhardt**
**Neutral Monitor**
**917-763-0906**
**neutralmonitor@gmail.com**

September 20, 2024

**AMENDED DECISION**

Appeal I-06-24A
(Thompson eligibility)

By email dated September 17, 2024, Robert Mac filed an appeal from a determination of the Election Committee that Tramell Thompson was eligible to run for Vice-President from RTO on the Progressive Action Slate. The Appellant alleges that because Mr. Thompson has been terminated from his employment, he is not eligible to run for office because he is no longer a member of Local 100. Mr. Thompson responds that the Election Committee determination that he is eligible is correct and the appeal should be denied, first, because the appeal is untimely since Mr. Thompsn was ruled eligible on Friday, September 13 and second, because he is still actively challenging his termination and thus remains a member eligible to run for office.

I find that the Appellant has not met his burden of proving that the Election Committee determination violates the Election Rules, the Union Constitution or Bylaws, or federal law. Tramell Thompson was served with a Disciplinary Action Notice and a proposed termination by the Transit Authority. On August 19, 2024, following a hearing, an arbitrator found him guilty of gross misconduct and, particularly in light of his lengthy disciplinary record, including two recent suspensions, upheld the termination. On September 11, 2024, Mr. Thompson filed a Petition under CPLR Article 75 challenging the arbitration award.

Under the Election Rules, one must be a member in good standing for 12 consecutive months to be eligible to be nominated. The TWU Constitution, ARTICLE III, Eligibility, Section 1., states that the following are eligible for membership:

> All working men and women, regardless of race, creed, color or nationality, employed in, on or about any and all passenger or other transportation facilities, or public utilities and allied industries, and in any other employment

> which the International Executive Council decides is appropriately within the jurisdiction of the International Union, and officers, staff representatives, and employees of the International Union and of any Local Union are eligible for membership.

The Appellant argues that following the arbitration award, Mr. Thompson was no longer employed by the Transit Authority and thus no longer eligible for membership. While I understand the Appellant's perspective based on a reading just of the Union Constitution and Election Rules, federal case law mandates a different outcome. In the 1992 EDNY case of Martin v. TWU Local 101, 1992 WL 394175, the court held that "As a general rule, if employment is a prerequisite to union membership, a discharged employee is entitled to union membership until 'the question of the propriety of his discharge has been fully resolved.'" The court cited Brennan v. Independent Lift Truck Builders Union, 490 F.2d 213, 217 (7th Cir.1974). In Brennan, the Seventh Circuit wrote,

> If 'hourly-rated factory employee' is construed to bar from eligibility for office a member discharged by an employer where, as here, the member is actively contesting the discharge, then it is not a reasonable qualification. The reasonable qualification exception to Section 481(e) is not to 'be given a broad reach.' Wirtz v. Hotel Employees Local 6, 391 U.S. 492, 499, 88 S.Ct. 1743, 20 L.Ed.2d 763. We hold that for purposes relevant here, the Union was obligated to consider Wolfe as an employee until the question of the propriety of his discharge was resolved. It is true that if Wolfe were elected and his discharge finally upheld before his term of office expired, the Union might choose to demand his resignation or remove him and be put to the inconvenience of a special election. But this is a possibility for the union members to consider at election time, for they are the ones primarily responsible for passing on the qualifications of candidates under this statute.

Following Brennan, courts have consistently held that "one remains a member in good standing and eligible to hold union office, even though discharged, until the challenge to the discharge has run its course. Martin v. TWU Local 101.

Here, Mr. Thompson has filed a legal challenge to the arbitration decision upholding his termination. It is not for me to decide whether he has standing to challenge the award and, if so, to assess his likelihood of success. As noted in Brennan, it is up to the membership to determine whether the risk of having to rerun the

election were Mr. Thompson to win his election and lose his legal challenge is a risk worth taking.

In light of this decision, I do not need to reach the question of timeliness but I note that the Appellant asserts that he first learned of Mr. Thompson's eligibility from Thompson's Facebook post, which the Appellant fist saw on Monday September 16. The appeal is timely.

The appeal is denied.

In accordance with the International Constitution and the Election Rules, any interested party unsatisfied with this determination may appeal to the Transport Workers Union of America Committee on Appeals. Any appeal shall be in writing and shall be filed in accordance with the procedure set forth in Article IV(B)(9) of the Election Rules and Article XXII of the International Constitution for the appeal to the International from decisions of Local Unions.

Barbara C. Deinhardt
Neutral Monitor

By email:
Robert Mac
Kia Phua
Tramell Thompson
Richard Davis
Arthur Schwartz, Esq.
Denis Engel, Esq.
Elections Committee