**2025 WL 1855403 (N.Y.Sup.) (Trial Order)**
Supreme Court of New York.
Kings County

In the Matter of the Application of Tramell THOMPSON, Petitioner,

v.

NEW YORK CITY TRANSIT AUTHORITY and Twu Local 100, Respondents,

No. 524573/2024.
June 30, 2025.

***1** For a Judgment pursuant to CPLR Article 75.
Cal No. 46

**Order**

Hon. Lisa Lewis J.S.C.

| **The following papers read herein** | **NYSCEF Docs.** |
| --- | --- |
| **MS 1** | **1-10, 24-41** |

Petitioner Tramell Thompson ("Thompson") moves to vacate the arbitration award, DAN 24-2303-0035, dated Augustl9, 2024, terminating his employment with the New York City Transit Authority ("NYCTA") on the grounds of arbitrator bias, partiality, misconduct, and that the arbitrator exceeded its authority. Petitioner further requests a new arbitration hearing with a new arbitrator, reinstatement to their former position with full benefits and seniority, as well as compensation for lost wages and benefits spanning August 19, 2024, to present. Petitioner also seeks declaratory relief, punitive damages and damages for emotional distress and harm to reputation.

Thompson was a Train Conductor employed by the NYCTA for ten years. He also ran watchdog type social media accounts in regard to the management and operation of the MTA. The NYCTA sought to terminate Thompson due to the social media posts' violating NYCTA employment policies. The determination whether to terminate Thompson was submitted to arbitration pursuant to the Transport Workers Union's collective bargaining agreement with the NYCTA.

The subject of DAN 24-2303-0035 was to determine whether the NYCTA had cause to discharge Thompson for three instances of misconduct spanning from May 2021 to January 2022 and, if not, what other remedy should be awarded. The misconduct at issue was the posting of an internal email and photo of a supervisor accompanied by a possible threat to Facebook (May 2021), the online posting of "a lewd video" that occurred on a NYCTA train (December 2021), and the dissemination of false information regarding the lending of money amongst NYCTA employees leading to quid pro quo arrangements and an altercation over money (January 2022). NYSCEF Doc 3, pgs 2-3; NYSCEF Doc 7.

In his opinion and award, Arbitrator Stephen F. O'Beirne ("O'Beirne") outlines the facts and the specific NYCTA policies and their respective standards regarding prohibited behavior, professionalism, ethics, confidentiality, and social media policies.

O'Beirne's award found that the NYCTA had not met its burden to substantiate the charge regarding the lewd video and pointed to the lack of the video in the record, testimony by an NYCTA investigator stating they have not viewed the video, and the lack of a NYCTA investigatory report regarding the video.

Conversely, O'Beirne substantiated the disciplinary action regarding the dissemination of false information. O'Beirne made a finding of fact that following the investigation into the inquiry of money lending and quid pro quo arrangements amongst NYCTA employees, NYCTA investigators determined that no such activity was occurring. Despite this, Thompson posted a video of himself speaking about the phenomenon to his social media account without including a caveat that he had no evidence to support these contentions. When the NYCTA inquired as to why Thompson disseminated this information, he stated to the effect that information of this nature had to made public in order to be investigated. As a result, NYCTA determined that Thompson disseminated false information in violation of its policies. NYSCEF Doc 3, pgs 8-9

***2** As to the posting the photo of a NYCTA supervisor accompanied by the language that Thompson should give the supervisor a "reality check," O'Beirne accepted NYCTA's determination that the photo was not an overt threat. However, O'Beirne found that it was a veiled threat and relied upon the facts that viewers of the photo responded by posting the supervisor's work address, called him "straight scum," and testimony from the supervisor evinced that he was fearful for his safety. O'Beirne held that the post was undoubtedly intended to harass, intimidate and bully the supervisor. NYSCEF Doc 3, pgs 9-11

Although judicial review of arbitration awards is extremely limited, a court may vacate an arbitrator's award where it finds that the rights of a party were prejudiced when an arbitrator exceeded his or her power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made. An arbitrator exceeds his or her power only where his or her award violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power. An award is irrational where there is no proof whatever to justify the award. Where, however, an arbitrator offers even a barely colorable justification for the outcome reached, the arbitration award must be upheld. *Barone v. Haskins,* 193 AD3d 1388 (2d Dept 2021) [internal citations omitted, internal quotation marks omitted].

Here, this court finds that O'Beirne provided a colorable justification for the award, and thus, the award cannot be said to be irrational. This court has further reviewed Thompson's remaining contentions and concludes that none provides grounds to vacate the award.

Accordingly, Thompson's petition to vacate DAN 24-2303-0035 is DENIED.

This constitutes the decision and order of the court.

ENTER

<<signature>>

J.S.C.

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.