**TRANSPORT WORKERS UNION**
**OF GREATER NEW YORK • AFL-CIO • LOCAL 100**

**John V. Chiarello** *President*
**Carlos Bernabel** *Secretary Treasurer*
**Shirley Martin** *Recording Secretary*
**Alexander Kemp** *Administrative VP*

September 1, 2026

CERTIFIED MAIL/RRR
and EMAIL: tthompson@twulocal100.org
tt6443bk@gmail.com

Tramell Thompson
91 Lenox Road
Apt. 2C
Brooklyn, New York 11226

RE: Decision of TWU L. 100 Executive Board
Argueta v. Thompson

Dear Mr. Thompson:

In accordance with TWU Constitution Article XX, section 6, the Local 100 Executive Board, adopting the Report and Recommendation of the duly appointed Trial Committee, has exonerated you in the above referenced matter. Enclosed herewith is a copy of the Trial Committee Report.

Sincerely,

Shirley Martin
Recording Secretary
Transport Workers Union Local 100

cc: J. Chiarello
C. Bernabel

RECEIVED
AUG 26 2026
Office of the Recording Secretary

In the Matter of Argueta v. Thompson

Trial Committee Report and Recommendations

The Trial Committee Members are:

Michael Capocci, Trial Committee Chairperson
Vanessa Jones, Trial Committee Member
Grigoriy Dunichev, Trial Committee Member
Christopher Canty, Alternate Trial Committee Member

Jon-Luke Rodriguez represented the Charging Party, Jesse Argueta.

John Mooney represented the Charged Party, Tramell Thompson.

Thompson made several procedural objections at the outset of the Trial Committee.

First: The Charging Party furnished the Trial Committee with a document stamped "Modified" which redacted several of the individual portions of the Charging document. The Charged Party objected to the use of the modified document on the grounds that the Executive Board ruled on the original document.

The Trial Committee met in Executive Session and ruled on the objection as follows:

The Modified Charge was rejected and the original Charge will be used in the Hearing.

Second: The Charging Party made objections to the composition of the Trial Committee, which was ruled on by the Executive Board and denied. The Charging Party stated that he has appealed that ruling to the International Committee on Appeals and requested an adjournment of the Hearing until the International Committee rules on the Appeal.

The Trial Committee met in Executive Session and ruled on the objection as follows:

There is no provision in the International Constitution to delay a Trial Committee Hearing pending the decision of the International Committee on Appeals.

Third: The Charging Party objected to the participation of the Union Attorney.

The Trial Committee met in Executive Session and ruled on the objection as follows:

The Union Attorney is present to provide procedural advice to all participants in the Hearing.

Fourth: The Charging Party objected to the use of the *un*-modified Charges.

The Trial Committee met in Executive Session and ruled on the objection as follows:

The *un*-modified Charges presented to the Trial Committee are a true and accurate copy of the Charges submitted to the Recording Secretary and voted upon by the Executive Board.

After the procedural objections were ruled on both parties presented opening statements and were afforded the right to present evidence and to call witnesses to testify. The Charges were handled in the sequence they were presented in the Charge.

As to the Charge relating to the posting of a video on 3/4/25, the Charging Party presented no video evidence on this Charge. Argueta's testimony was not supportive of a violation of the TWU Constitution. The Trial Committee voted to DISMISS the Charge.

As to the Charge relating to infringing on another Department's affairs about MAC issues, the Charging Party presented evidence on this Charge in the form of testimony and videos. The basis of this Charge is that Thompson inserted himself into the affairs of another Department relating to MAC issues by posting the videos. The video demonstrates that Thompson interviewed two Bus Operators who were being held out of service for medical issues. The videos demonstrate that Thompson was addressing issues regarding the handling of members at the MAC. The testimony and videos did not support a violation of the Constitution. The Trial Committee voted to DISMISS the Charge.

As to the Charge relating to exceeding his Departmental responsibilities with the US HHS about the MAC, the Charging Party contended that Thompson exceeded his authority as a Vice President of RTO by representing himself as speaking for the entire Union when he made complaints to US HHS about HIPAA complaints and MAC issues. In the video, the HHS representative stated that Thompson's interactions were "all about the members and all of you who he represents . . ." The video evidence did not support the Charge. The Charged Party denied that he was "speaking for the whole Union" when he met with the HHS Representative and the Charging Party had no evidence that this denial was untrue. The Trial Committee voted to DISMISS the Charge.

As to the Charge involving union-wide SIR matters and Manager Miranda Grant, no evidence was presented. The Trial Committee voted to DISMISS the Charge.

As to the Charge relating to the MOW Parking Tickets Grievances, the specific Charge here was whether Thompson "handled a grievance" which the Charging Party "could not say" occurred (or not). The Charging Party testified that his understanding was that the RTO VP went beyond his role by not deferring to or coordinating with the other Departments when members or issues from other Departments are involved. The evidence presented to the Trial Committee did not support this Charge. The Trial Committee voted to DISMISS the Charge.

As to the Charge relating to the NYPD video, no evidence was presented. The Trial Committee voted to DISMISS the Charge.

As to the Charge relating to reporting of FMLA issues to the US DOL, no evidence was presented. The Trial Committee voted to DISMISS the Charge.

During the testimony, the Charged Party noted that the Charges were filed only a few months into his tenure as RTO VP. The Charging Party stated that his Charge requested that the Executive Board take "whatever actions are needed . . . to address these issues so as to correct them moving forward." The Charging Party stated that it was his right as a dues paying member to file Charges. Based upon the time lapse of many months and the lack of additional complaints about Thompson exceeding his authority, after the filing of the Charge, the Charging Party's goal appears to have been met – albeit for a finite period of time. The Charging Party maintained that this matter was not brought to address free speech. The concern to be addressed, the Charging Party asserted, is Thompson's conduct in exceeding his authority as an elected representative of RTO.

Respectfully submitted,

[signature]
MICHAEL CAPOCCI

[signature]
VANESSA JONES

[signature]
GRIGORIY DUNICHEV