advocates
for justice
chartered attorneys

Arthur Z. Schwartz
Principal Attorney

aschwartz@afjlaw.com

225 Broadway, Suite 1902
New York, New York 10007

t. (212) 285-1400
f. (212) 285-1410

www.afjlaw.com

November 16, 2026

By ECF
Judge Diane Gujarati
United States District Court EDNY
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: Thompson v NYC Transit Authority 1:26-cv-03393**
**Request for A Pre-Motion Letter – Motion to Dismiss**

Dear Judge Diane Gujarati:

This office represents defendant Local 100, Transport Workers Union, along with all of the union-related defendants **except** for former President Richard Davis (who is sued in his personal and "official" capacities, even though he resigned 18 months ago, and has no official capacity). Although Plaintiff has cut out one dismissible claim (his "RICO" claim) in his Second Amended Complaint, the rest of his lawsuit is seriously infirm, and should be dismissed.

**<u>Section 1983</u>**

One of the fundamental underpinnings of the entire lawsuit is that Local 100 and its officers are "state actors" who "conspired with the NYC Transit Authority to bring about Plaintiff's termination, and even to break his leg. The only action the union took here, or any of the union defendants took here (except Canella Gomez and Brian Davis, who are alleged to have assaulted Plaintiff) was either bring charges, or conduct a trial about those charges. In the complaint, and in the Memo of Law supporting his now withdrawn injunction application, Plaintiff cites only one case, *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307 (2d Cir. 2002), a case, which if anything, demonstrates why the Section 1983 allegations about the union **no** relationship to state action addressable under Section 1983. There is **no concrete allegation** anywhere in the Complaint laying out a detailed collaboration; there is only a conclusory repetition that Local 100 or the officer defendants have acted on behest of , or in collaboration with the NYC Transit Authority to bring about plaintiff's termination, or to bring internal union charges against Plaintiff. There is no actual concrete act which establishes a conspiracy between Local 100, its officers, and the Transit Authority to do anything to Plaintiff. (We discuss below how Plaintiff does not even have litigable charges against the Transit Authority.) In *Ciambriello,* the Second Circuit made it clear exactly why Plaintiff here states no Section 1983 claim against the Union or its officers: " *We agree with CSEA that Ciambriello's conclusory allegations are insufficient to state a § 1983 claim against it. "To state a claim against a private entity on a section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act." Spear, 954 F.2d at 68. Put differently, a private actor acts under color of state law when the private actor "is a willful participant in joint activity with the State or its agents." Adickes v. S.H. Kress & Co.,* 398

U.S. 144, 152, (1970) (quoting *United States v. Price,* 383 U.S. 787, 794, (1966)). **A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity.** *Spear,* 954 F.2d at 68. "*Ciambriello v. Cnty. of Nassau*, 292 F.3d 307 at 324.

Furthermore, there is no Section 1983 claim related to the internal union trials brought about after charges were filed by fellow union members and officers against Plaintiff. (There is nothing more than a naked allegation that the union charges were brought at the behest of the NYC Transit Authority.).

Given these facts, a motion to dismiss the Section 1983 claims are dismissable.

**Plaintiff Does not Discuss his Responsibilities As A Union Officer and the Limits that that Places on An Officer's Free Speech Under 29 USC Section 411(a)(2)**

Nowhere in the Amended Complaint does Plaintiff discuss his responsibilities to the Union as an officer (See *Newman v. Loc. 1101, Commc'ns Workers of Am., AFL-CIO,* 570 F.2d 439, 444–45 (2d Cir. 1978) ("*Although a person is free as a union member to criticize mercilessly his union's management and its policies, once he accepts a union position obligating him fairly to explain or carry out the union's policies or programs, he may not engage in conduct inconsistent with these duties without risking removal as an official or employee (but not as a union member) on the ground that his conduct precludes his effective representation of the union.*")

Charges were brought against Plaintiff related to his duties as a union officer. He was found guilty of two offenses, one related to using his office to make money and not report it, and a second about getting members disciplined. Nothing is pled in the Complaint which takes his activities over the Free Speech Section 101(a)(2) line.

**Much of the Complaint Is Barred By Res Judicata or Collateral Estoppel Principles**

Plaintiff builds his case around two things other than the charges. He discusses efforts by the Transit Authority to discipline and fire him, and he discusses a fight he had with a former union officer.

With respect to the Transit Authority's disciplinary actions (which Plaintiff alleges the union was complicit in), consider this:

a) In October 2023 Plaintiff **accepted** a 10 day suspension from employment and signed a release. That discipline (which he blames the union for) cannot be relitigated here, but is.

advocates
for justice
chartered attorneys

Judge Diane Gujarati
November 16, 2026

b) In December 2023 Plaintiff accepted a 30 day suspension from employment and signed a release. On some theory he holds the union responsible . That discipline cannot be relitigated here, but is. The award is res judicata.
c) In August 2024, an arbitration award was issued giving Plaintiff a 15 day suspension; he filed no CPLR Article 75 action seeking to vacate that award. That was two years ago. He seeks to litigate it here, alleging that the union played a role.
d) A few days later an arbitration award was issued giving plaintiff a 30 day suspension; he filed no CPLR Article 75 action seeking to vacate that award.. At that point Plaintiff has had a 10, 30, 15, and a 30 day suspension from work imposed in a ten month period. None of those were challenged under Article 75 of the CPLR or in any other forum; that failure bars a Section 1983 claim under res judicata principles.
e) A few days after the 30 day suspension award, an arbitration award was issued terminating plaintiff; here he filed an CPLR Article 75 action seeking to vacate that award, and suing Local 100 for breach of its duty of fair representation. In June 2025 Brooklyn Supreme Court denied the Article 75 Petition to vacate. In March 2026, a Motion to Reargue the Article 75 dismissal was denied.. That decision is Res Judicata, and cannot now be relitigated in this case, even with an appeal pending. *Petrella v. Siegel,* 843 F.2d 87, 90 (2d Cir. 1988); and see *Plaza PH2001 LLC v. Plaza Residential Owner LP*, 98 A.D.3d 89, 98, 947 N.Y.S.2d 498, 505 (2012).
f) With respect to the physical altercation Plaintiff had with Defendants Canella Gomez and Brian Davis, Plaintiff has filed two pending assault and battery cases in state court against those two individuals. Here he sues them alleging the altercation (which he accepted a 30 day suspension from work for) as some sort of Section 1983 claim, and he alleges they engaged in the fight as agents of the Transport Workers Union at the behest of the Transit Authority. But the law is pretty clear that Plaintiff cannot litigate the same incident in two courts by calling one an assault case and the other a Section 1983 case, which is exactly what he is doing in this lawsuit. See *Zarcone v. Perry*, 78 A.D.2d 70 (2nd Dept 1981), 434 N.Y.S.2d 437; *Hines v Buffalo* 79 A.D.2d 218 (4th Dept 1981)

Given the major issues with Plaintiff's Amended Complaint as a matter of law, we request permission to litigate a Motion to Dismiss.

Respectfully submitted.

*Arthur Z. Schwartz*

Arthur Z. Schwartz

cc. All counsel of record by ECF