Law Office of Bhavleen Sabharwal
261 Madison Avenue, Suite 1063
New York, NY 10016
Email: Bsabharwal@bsablaw.com
(917) 597-5984

November 16, 2026

Via ECF:

Honorable Diane Gujarati
United States District Judge
Eastern District of New York
Brooklyn, New York 11201

**Re:** Thompson v. New York City Transit Authority, et al.
Case No. 1:26-cv-03393-DG-VMS (E.D.N.Y.)
Rule 12(b)(6) Pre-Motion Conference Letter on Behalf of Defendant Richard Davis

Dear Judge Gujarati:

I represent Defendant Richard Davis ("Mr. Davis") in the above-referenced action. Pursuant to Rule III.A.2 of Your Honor's Individual Motion Practices and Rules, Mr. Davis respectfully submits this letter requesting a pre-motion conference regarding his anticipated Rule 8(a)(2) and 12(b)(6) motion to dismiss, with prejudice, the Third, Fourth, Fifth, Eighth, Eleventh, and Thirteenth Causes of Action of the Second Amended Verified Complaint (ECF No. 39) ("SAC") as against him.

Mr. Davis was President of TWU Local 100 (the "Union") from approximately December 2022 until his resignation on or about January 31, 2025 (SAC ¶ 29), and the SAC concedes that the alleged retaliation thereafter "continued…under Chiarello's administration". (SAC ¶ 132).

**A. Mr. Davis Was Not a State Actor (Third, Fourth, Fifth, and Eleventh Causes of Action)**

Each § 1983 claim requires action under color of state law and Mr. Davis acted solely as an officer of a private labor organization. Labor unions "generally are not state actors," and "**a merely conclusory allegation that a private entity acted in concert with a state actor does not suffice**."

*Ciambriello v. County of Nassau*, 292 F.3d 307, 323-24 (2d Cir. 2002). A § 1983 conspiracy claim likewise requires (1) an agreement between a state actor and a private party, (2) to act together to inflict an unconstitutional injury, and (3) an overt act causing damages. *Id.* at 324-25. In *Ciambriello*, a union took co-workers' grievance against the county to arbitration and won the plaintiff's demotion. The plaintiff got no notice of the grievance, the arbitration, or the state-court confirmation. *Id.* at 312. He alleged, "[o]n information and belief," that the union and the county "agreed" to proceed without him. The Second Circuit held that allegation "strictly conclusory" and affirmed dismissal of the claims against the union. It noted that such claims "ring especially hollow" given the adversarial relationship between a union and a public employer in arbitration. Id. at 324-25. The court distinguished *Hughes v. Patrolmen's Benevolent Ass'n*, 850 F.2d 876 (2d Cir. 1988), on which Plaintiff relies (SAC ¶¶ 19, 239). In *Hughes*, the union surveilled the plaintiff with the Police Department's knowledge and consent. *Ciambriello*, 292 F.3d at 324.

The SAC's joint-action theory as to Mr. Davis is conclusory. Communications between Mr. Davis's office and the New York City Transit Authority ("NYCTA") are alleged only "[u]pon information and belief" (SAC ¶ 103); the alleged agreement between the parties is a bare assertion that Mr. Davis "agreed, no later than January 2023" to tolerate violence and not defend Plaintiff in earnest (SAC ¶ 210); and the supporting communications are said to be "within Defendants' exclusive possession". (SAC ¶ 211). The conduct actually attributed to Mr. Davis in the SAC (a union-meeting statement, a press statement, and decisions on internal discipline, arbitration strategy, and whether to seek judicial review) is internal union conduct, not state action. *Ciambriello* affirmed dismissal of a comparable information-and-belief theory that a union and employer agreed to deprive a member of arbitration rights. *Id.* at 323-24.

### B. The SAC Does Not Plead Mr. Davis's Personal Involvement

Each defendant must have violated the Constitution "through his own individual actions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal* 556 U.S. 676, 678 (2009). The SAC fails to include relevant actions personally taken by Mr. Davis. Instead, it pleads Defendants acted as a "Coordinated Group" of NYCTA and Union officials and staff spanning two administrations (SAC ¶ 183); that the "coordinated effort" taken by Union leadership was the "Davis-Chiarello axis" (SAC ¶ 214); and omits Mr. Davis from its list of those engaged in alleged ongoing communications. (SAC ¶ 247). The SAC's 108-page, 318-paragraph group pleading also fails Rule 8(a)(2)'s requirement of a "short and plain statement" of each claim against each defendant. Count Three merely alleges that Mr. Davis was "directing or acquiescing" the Union's acts (SAC ¶ 235) and, because there is "no special rule for supervisory liability," his supervisory status and acquiescence do not establish personal involvement or liability. *Tangreti v. Bachmann*, 983 F.3d 609, 618, 620 (2d Cir. 2020). Similarly, Count Eleven centers "most prominently" on an April 1, 2026 video (SAC ¶ 305) made fourteen months after Mr. Davis left office.

### C. Claims Based on Acts Before June 5, 2023 Are Time-Barred

Section 1983 claims in New York carry a three-year limitations period, and discrete acts outside it are barred even if related to timely acts. *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 79 (2d Cir. 2015). This action was originally filed June 5, 2026 (SAC ¶ 170), so the January 2023

statement (SAC ¶ 82), the February 21, 2023 assault (SAC ¶ 83), and the Daily News statement (SAC ¶ 106) are untimely. The continuing violation doctrine does not reach discrete acts and applies to an individual only for that defendant's own acts within the period. *Lucente v. County of Suffolk*, 980 F.3d 284, 309-10 (2d Cir. 2020).

### D. Count Three Is a Fair-Representation Claim Plaintiff Has Already Litigated.

The Third Cause of Action raises a claim about the Union's alleged failure to provide Plaintiff with due process during the arbitration process, specifically, the Union's 2024 arbitration strategy and its refusal to seek review. Plaintiff litigated that grievance before PERB (SAC ¶¶ 57, 130). He also brought it in a CPLR Article 75 proceeding, arguing that the award was "procured through the Union's bad-faith representation." The state court denied the petition and denied reargument (SAC ¶ 129). Collateral estoppel applies where the party "had been afforded a full and fair opportunity to contest the decision." *Ciambriello*, 292 F.3d at 315. *Ciambriello* declined to apply preclusion only because that plaintiff had no notice of the arbitration or the confirmation proceeding. *Id*. Plaintiff here took part in both forums.

### E. The New York Constitution Claim Fails (Eighth Cause of Action)

As to equal protection, Article I, § 11 is "no broader in coverage than the Federal provision," and that equivalence extends to "State action." *Under 21, Catholic Home Bur. for Dependent Children v. City of New York*, 65 N.Y.2d 344, 360 n.6 (1985). The § 11 claim therefore fails under *Ciambriello* for the reasons stated in Section A. As to free speech, Article I, §§ 8 and 9 likewise protect only "against action by governmental authorities, not by private persons," and require "significant State involvement," measured by the source of authority for the conduct, the State's entwinement with or participation in it, and any delegation of a State function. *SHAD Alliance v. Smith Haven Mall*, 66 N.Y.2d 496, 502, 505 (1985). The SAC alleges none of these as to Mr. Davis's union-meeting remarks, press statement, or internal union decisions. Alternatively, no state constitutional claim lies where, as here, Plaintiff pursues § 1983 remedies for the same conduct.[1] *Jones v. Bay Shore Union Free Sch. Dist.*, 947 F. Supp. 2d 270, 282–83 (E.D.N.Y. 2013).

### F. No Declaratory or Injunctive Relief Against a Former Officer (Thirteenth Cause of Action)

Mr. Davis is sued "in his official capacity as former President" of the Union. He resigned on or about January 31, 2025 (SAC ¶ 132), and Chiarello succeeded him. *Id*. The relief sought, including reinstatement, withdrawal of Chiarello's letters, and vacatur of the September 1, 2026 decisions (SAC ¶ 317), is beyond his power. Equitable relief requires that the defendant "ha[ve] the authority to grant the relief sought," and former officials who lack that authority must be dismissed. *Marshall v. Annucci*, 2018 WL 1449522 (S.D.N.Y. Mar. 22, 2018); *See* also *Lubavitch of Old Westbury, Inc. v. Village of Old Westbury*, 2023 WL 6521621 (E.D.N.Y. Feb. 7, 2023) (official-capacity claims pass to the successor). The Union and Chiarello are already Defendants and any official-capacity relief runs against them.

[1] It should also be noted that the SAC pleads the absence of an alternative remedy only as to NYCTA (SAC ¶ 286), not Mr. Davis.

### G. Dismissal Should Be With Prejudice

Leave to amend may be denied for "repeated failure to cure deficiencies by amendments previously allowed" and "futility of amendment." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008). The SAC is Plaintiff's third pleading (SAC ¶ 170). The defects are substantive, so "better pleading will not cure [them]," and repleading "would thus be futile." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Mr. Davis also joins the NYCTA Defendants' arguments (ECF No. 40) to the extent they apply to the claims against him.

Mr. Davis respectfully requests a pre-motion conference or, alternatively, that the Court set a briefing schedule. Thank you for Your Honor's consideration.

Respectfully submitted,

/s/ Bhavleen Sabharwal

Bhavleen Sabharwal
Attorney for Defendant Richard Davis