JIMMY WAGNER
ATTORNEY-AT-LAW

November 23, 2026

**Via ECF**
Hon. Diane Gujarati
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

***Re: Thompson v. New York City Transit Authority, et al., No. 1:26-cv-03393-DG-VMS Plaintiff's Response to Defendant Richard Davis's Pre-Motion Conference Letter (ECF No. 42)***

Dear Judge Gujarati:

Plaintiff Tramell Thompson opposes Richard Davis's request for leave to move to dismiss, with prejudice, the Third, Fourth, Fifth, Eighth, Eleventh, and Thirteenth Causes of Action of the Second Amended Verified Complaint (ECF No. 39, "SAC").

Davis says the SAC pleads only his title and "internal union conduct." ECF No. 42 at 2. The SAC pleads what he did and why. It alleges that Davis, as Union President, controlled the Union's legal department when it represented Thompson in the July 2024 termination arbitration; that the Union withheld the whistleblower defense and the witnesses Thompson identified; and that the Union under Davis then refused Thompson's written request to seek review of the award. SAC ¶¶ 29, 117–122, 130, 191. It alleges a reason. Thompson had announced an off-slate run against the Davis administration for the vice presidency held by Canella Gomez, a member of Davis's staff, and a termination before the election would be used to challenge his eligibility. SAC ¶¶ 84, 113. And it alleges what came before. In January 2023, Davis read Thompson's private text message to a mass-membership meeting and said that "action would be taken." SAC ¶ 82. About three weeks later, Gomez and another officer on Davis's staff assaulted Thompson. SAC ¶¶ 5, 83–85. Davis then told the Daily News that Thompson had instigated the encounter, and brought no charges against either officer. SAC ¶¶ 106–107.

**1. The SAC identifies Davis's own conduct (ECF No. 42 § B).** Section 1983 liability requires the defendant's own misconduct. *Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020). Plaintiff does not rely on title or acquiescence alone. The SAC identifies Davis's meeting remarks, his press statement, his decisions to keep both officers on staff without charges, and, on information and belief, his admission that he orchestrated the assault. SAC ¶¶ 82, 95, 101, 106–107. It alleges, on information and belief, that he directed or knew of the deficient 2024 representation, and it alleges his authority over the Union's counsel and over whether to seek review. SAC ¶¶ 29, 117, 130, 191, 249. These allegations identify Davis's own conduct and alleged directions, rather than relying solely on his supervisory position. Davis notes that paragraph 247 omits him. ECF No. 42 at 2. Paragraphs 103 and 210 name him. The Eleventh Cause's emphasis on the April 2026 video does

not erase its allegations about earlier reporting and the 2024 termination. SAC ¶¶ 305, 308. And paragraph 191 collects his role in one place, which answers the Rule 8 objection.

**2. The claims against Davis rest on timely acts (§ C).** Davis points to the January and February 2023 events. ECF No. 42 at 2–3. The 2024 arbitration conduct and the refusal to seek review of the August 19, 2024 award are discrete acts within three years of the June 5, 2026 filing. SAC ¶¶ 117, 130, 170, 191; *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 79–80 (2d Cir. 2015). The 2023 events supply motive and context for those acts. *Cf. id.* at 88 (recognizing the background value of allegations not independently constituting adverse actions).

**3. The alleged joint action goes beyond ordinary union representation (§ A).** *Ciambriello v. County of Nassau*, 292 F.3d 307, 323–25 (2d Cir. 2002), rejected conclusory allegations of cooperation between arbitration adversaries. The SAC alleges two episodes in which the adversaries did not act as adversaries. In the first, NYCTA and the Union handled Gomez's disciplinary arbitration off the calendar; neither asked Thompson, the victim, for his evidence; and, on information and belief, Gomez never served the resulting suspension. Gomez and Brian Davis held NYCTA-paid release-time positions and Union staff roles under Davis, who kept them and publicly defended Gomez. SAC ¶¶ 100–103, 242–243. In the second, the Union allegedly withheld Thompson's § 75-b defense and supporting witnesses during NYCTA's disciplinary arbitration, allowing the termination to proceed without adjudication of that defense. The arbitrator had applied the First Amendment ten days earlier to reduce a proposed termination to a fifteen-day suspension; he upheld Thompson's termination without that analysis. The Union then refused to seek review. SAC ¶¶ 117–125, 130, 244.

Release time alone is not Plaintiff's theory. The communications between NYCTA Labor Relations and Davis's office are pleaded on information and belief, and their content is alleged to be in defendants' possession. SAC ¶¶ 102–103, 211. Plaintiff asks the Court to infer agreement from the conduct described, not from that information asymmetry alone. *Cf. Hughes v. Patrolmen's Benevolent Ass'n*, 850 F.2d 876, 880–81 (2d Cir. 1988) (specific union-police coordination sufficiently pleaded, although the jury ultimately found no state action).

**4. Preclusion requires the actual determinations (§ D).** The Third Cause alleges a § 1983 deprivation of continued employment through coordinated subversion of the disciplinary process, not simply inadequate representation. SAC ¶¶ 228–236. Plaintiff acknowledges that his Article 75 petition raised bad-faith representation and the omitted whistleblower determination, and that the petition and reargument were denied. SAC ¶ 129. But Davis has not identified any determination by PERB or the Article 75 court that necessarily resolved the distinct constitutional issues pleaded here. *Matusick v. Erie County Water Authority*, 757 F.3d 31, 45–49 (2d Cir. 2014), gave effect to misconduct findings from a statutory hearing while preserving discrimination claims that presented different issues. *Bottini v. Sadore Management Corp.*, 764 F.2d 116, 121 (2d Cir. 1985), preserved a Title VII claim outside the arbitration and limited Article 75 review. Neither creates a categorical exemption. Both require separating adjudicated issues from independent claims, and that cannot be done without the determinations.

**5. The state constitutional claim calls for a remedy-specific analysis (§ E).** The state participation alleged is the joint conduct described above. *Brown v. State of New York*, 89 N.Y.2d 172, 188, 192 (1996), recognized a narrow constitutional damages remedy. *Martinez v. City of Schenectady*, 97 N.Y.2d 78, 83–84 (2001), denied additional damages where suppression and reversal had already afforded substantial relief; it assessed necessity and appropriateness.

Paragraph 286 addresses NYCTA expressly. If the Court finds a curable deficiency, Plaintiff will conform that paragraph to address Davis.

**6. Davis's resignation limits the relief that can run against him, not his liability (§ F).** Davis resigned on or about January 31, 2025. SAC ¶ 132. That fact bears on his authority to implement particular prospective relief. It does not bear on damages for his own conduct during his tenure. SAC ¶¶ 249, 251.

**7. Dismissal with prejudice is unwarranted (§ G).** Davis invokes repeated failure to cure. ECF No. 42 at 4. No ruling has identified a defect in any pleading; the August 20 ruling addressed interim relief. Aug. 20, 2026 Tr. 54:18–55:14. Davis waived service on September 17, 2026. SAC ¶ 170 n.1. As Individual Rule III.A requires, Plaintiff states that he will seek leave to amend if the Court identifies a curable defect. The amendment would collect the Davis-specific allegations, add available particulars of his communications and directions, and conform paragraph 286. *See Loreley Financing (Jersey) No. 3 Ltd. v. Wells Fargo Securities, LLC*, 797 F.3d 160, 190–91 (2d Cir. 2015). Plaintiff incorporates his response to ECF No. 40 to the extent Davis joins it.

Plaintiff asks the Court to deny leave to move or, alternatively, to set full briefing before any dismissal with prejudice.

Respectfully submitted,

Jimmy Wagner

cc: Robert K. Drinan, Arthur Z. Schwartz, and Bhavleen Sabharwal (via ECF)